JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, APPELLEE, *v.* CRABTREE, ADMR., APPELLANT; GOODIN, GRDN., APPELLEE.

(No. 84AP-196 — Decided April 30, 1985.)

*Vorys, Sater, Seymour & Pease, David W. Hardymon* and *William A. Klatt,* for appellee John Hancock Mut. Ins. Co.

*Sue Dovel Roark,* for appellant.

*Thomas J. Conaty,* for appellee Goodin.

STRAUSBAUGH, J. Defendant, Charles Crabtree, Administrator of the Estate of Richard L. Crabtree, appeals from the judgment of the trial court awarding the proceeds from a life insurance policy to defendant, Lori K. Goodin. In consideration of its precedential value and the unique issues involved, this appeal is assigned *sua sponte* to the regular calendar pursuant to App. R. 11.1 and Loc. R. 4 of the Tenth District Court of Appeals. In support of his appeal, defendant raises the following single assignment of error:

"The trial court erred in rendering a judgment awarding proceeds from a life insurance policy on the life of a minor to an unrelated designated minor where Revised Code Section 3911.08 clearly restricts the class of beneficiaries a minor may designate on such contracts to members of his immediate family."

The defendants stipulated in the trial below to the relevant facts concerning the award of insurance benefits for the death of Richard L. Crabtree by plaintiff, John Hancock Mutual Life Insurance Company. The agreed-upon

facts provide that on October 19, 1981, Richard L. Crabtree, a minor, entered into employment with the Ohio State University ("OSU") as a full-time employee. As an employee, Richard Crabtree was entitled to life insurance pursuant to a group life insurance policy issued to the Ohio State University by plaintiff. On his insurance application card, Richard Crabtree designated Lori Goodin, a nonrelated minor, as his beneficiary. On March 3, 1982, Richard Crabtree died as a result of a gunshot wound inflicted by a Columbus police officer during a confrontation on February 23, 1982. In May 1982, plaintiff received two mutually exclusive claims for the benefits under deceased's group life insurance policy. The estate, heirs, next of kin and survivors of Richard L. Crabtree by and through the estate's administrator, Charles Crabtree, claimed to be the legal beneficiaries under the policy pursuant to R.C. 3911.08. Lori K. Goodin (represented by her guardian, Sharrell K. Goodin) also claimed the proceeds as the beneficiary designated on the policy enrollment card.

On December 17, 1982, plaintiff filed a complaint for interpleader with the Franklin County Court of Common Pleas against both defendants. Plaintiff admitted liability arising from the life insurance policy; however, due to the conflicting claims, it was in doubt as to which party was entitled to the benefits. Both defendants answered, claiming an exclusive right to the benefits, and, in addition, filed counterclaims against plaintiff, claiming that the recipient was entitled to accidental death benefits as well as basic life benefits under the insurance policy. The case was submitted to the court at the request of plaintiff only on the issue of the identity of the proper beneficiary. A separate trial was agreed upon as to the issue of double indemnity under the accidental death benefits clause.

On December 19, 1983, the trial court rendered a decision in favor of Lori Goodin, finding that she was entitled to recover as the designated beneficiary of the deceased. The court reasoned that the insurance policy covering Richard Crabtree arose from a group life insurance policy contracted between his employer, OSU, and plaintiff. Therefore, his minority had no effect on the validity of the insurance contract. Secondly, the trial court found that R.C. 3911.08 did not disqualify Lori Goodin as the beneficiary of the insurance policy, for it was not the purpose of R.C. 3911.08 to restrict the class of beneficiaries to which a minor may designate the payment of policy proceeds; rather, its purpose was to protect minors from insurance companies' raising the defense of incompetency against suits on insurance policies.

Appellant Crabtree contends on appeal that the trial court was in error in its interpretation of R.C. 3911.08. R.C. 3911.08 reads as follows:

"In respect to insurance issued upon the life of any minor, regardless of the age of the minor at the date of the issuance of said insurance, for the benefit of such minor, or for the benefit of the father, mother, husband, wife, child, brother, or sister of such minor, the insured is not, by reason only of such minority, incompetent to contract for such insurance, or for the surrender of such insurance, or to give a valid discharge for any benefit accruing, or for money payable under the contract, or to contract for the payment of a policy loan, or to contract for any policy change, provided he is fifteen years of age or older on the date he enters into any such contract or gives any such discharge."

Although R.C. 3911.08 would appear to add nothing to the common-law rule that a minor can enforce his contracts (in contrast to his privilege to disaffirm a contract sought to be en-

forced against him), it is clear that, under the circumstances of the instant case, R.C. 3911.08 would be inapplicable. R.C. 3911.08 purports only to apply to life insurance contracted for by a minor. Here, the group life insurance policy was not the result of a contractual arrangement between Richard Crabtree and plaintiff. OSU contracted with John Hancock Mutual Life Insurance Company for the group life insurance policy and the deceased was merely a third-party beneficiary of that agreement. Richard Crabtree's rights were limited specifically to the policy contracted for by OSU. Under the contract, OSU and plaintiff had the exclusive authority to discontinue or modify the policy by agreement without the consent and with no requirement of notice to Richard Crabtree, the insured. His right to name Lori Goodin as the beneficiary of the group life insurance policy did not arise from a contractual relationship between himself and the plaintiff, but as a benefit of his employment and the agreement between OSU, the policyholder, and plaintiff. Accordingly, defendant-appellant's single assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY, P.J., and NORRIS, J., concur.